U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

OCT 1 7 2012

CLERK, U.S. DISTRICT COURT
By _____
                 Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

MELODY MARIE RODRIGUEZ,     §
                            §
          Movant,           §
                            §
VS.                         §    NO. 4:12-CV-508-A
                            §    (NO. 4:10-CR-146-A)
UNITED STATES OF AMERICA,   §
                            §
          Respondent.       §
                            §

MEMORANDUM OPINION
and
ORDER

Came on to be considered the motion of movant, Melody Marie

Rodriguez, under 28 U.S.C. § 2255 to vacate, set aside, or

correct sentence.  The government filed a response, and the

motion is ripe for adjudication.  Having now considered the

motion and response, the entire record of this case, and

applicable legal authorities, the court concludes that the motion

should be denied.

I.

Background

On October 1, 2010, movant pleaded guilty to one count of

possession with intent to distribute more than 50 grams of a

mixture and substance containing methamphetamine, in violation of

21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B).  She was sentenced on

February 10, 2011, to 180 months imprisonment, which was a

downward departure from the 360 to 480 month range provided in

the United States Sentencing Guidelines.  Her conviction and

sentence were affirmed on appeal, United States v. Rodriquez, 666

F.3d 944 (5th Cir. 2012), and certiorari was denied on April 30,

2012, Rodriquez v. United States, 132 S. Ct. 2115 (2012).  Movant

then timely filed the above-captioned motion pursuant to 28

U.S.C. § 2255 on July 23, 2012.

II.

Grounds of the Motion

Movant asserts four primary grounds in her motion: (1)

ineffective assistance of counsel, Don Davidson ("Davidson"); (2)

that she lacked knowledge or control of the purity of the drugs

she sold; (3) that she lacked guidance as a youth and therefore

qualified for a downward departure; and (4) that she was sexually

abused by a Bureau of Prisons ("BOP") physician at the transfer

facility while she was awaiting transfer to prison.  Mot. at 5-9.

III.

Analysis

A.  Treatment of § 2255

After conviction and exhaustion of any right to appeal,

courts are entitled to presume that a defendant stands fairly and

finally convicted.  United States v. Frady, 456 U.S. 152, 164

(1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir.

2

1991) (en banc).  A defendant can challenge his conviction or
sentence after it is presumed final only on issues of
constitutional or jurisdictional magnitude and may not raise an
issue for the first time on collateral review without showing
both "cause" for his procedural default and "actual prejudice"
resulting from the errors.  Shaid, 937 F.2d at 232.  Section 2255
does not offer recourse to all who suffer trial errors, but is
reserved for transgressions of constitutional rights and other
narrow injuries that could not have been raised on direct appeal
but, if condoned, would result in a complete miscarriage of
justice.  United States v. Capua, 656 F.2d 1033, 1037 (5th Cir.
Unit A Sept. 21, 1981).

     B.  Ineffective Assistance of Counsel

        1.  Applicable Legal Standards

    To prevail on a claim of ineffective assistance of counsel,
movant must show that (1) counsel's performance fell below an
objective standard of reasonableness and (2) there is a
reasonable probability that, but for counsel's unprofessional
errors, the result of the proceedings would have been different.
Strickland v. Washington, 466 U.S. 668, 688, 694 (1984).  Both
prongs of the Strickland test must be met to demonstrate
ineffective assistance; however, both prongs need not be

3

considered if movant makes an insufficient showing as to one.
Strickland, 466 U.S. at 687, 697.  "The likelihood of a different
result must be substantial, not just conceivable," Harrington v.
Richter, 131 S. Ct. 770, 792 (2011), and a movant must prove that
counsel's errors "so undermined the proper functioning of the
adversarial process that the trial cannot be relied on as having
produced a just result." Cullen v. Pinholster, 131 S. Ct. 1388,
1403 (2011) (quoting Strickland, 466 U.S. at 686)). Judicial
scrutiny of this type of claim must be highly deferential,
"requires that every effort be made to eliminate the distorting
effects of hindsight," and requires movant to overcome a strong
presumption that counsel's conduct falls within the wide range of
reasonable professional assistance. Strickland, 466 U.S. at 689.
Here, movant is entitled to no relief based on the alleged
ineffective assistance of counsel because he has failed to meet
the standard set forth by Strickland.

    2.  Movant's Ineffective Assistance of Counsel Claims
        Fail

    Within her claim for ineffective assistance of counsel,
movant alleges that (1) Davidson "failed to object to the
enhancement to her sentence for the recovery of a firearm at her
residence;" (2) Davidson "failed to object that [movant] had no

4

knowledge of the purity of the 'meth' she sold as being 1.5 kilos or more;" and (3) Davidson "failed to object to the leadership enhancement." Mot. at 5.

In her first allegation, movant complains that Davidson did not object to the firearm enhancement, that he knew the rifle recovered at her residence was not hers, and that her husband had given a statement admitting movant had no knowledge of the rifle. Mot. at 5. However, the record reflects that Davidson did object to such enhancement, even presenting evidence through witness testimony that movant was unaware of the rifle, that no one had ever verified that her fingerprints were on it, and that there was no information that would indicate movant was ever seen with the rifle. Sentencing Tr. at 9-12. Despite Davidson's efforts, the court overruled the objection and imposed the two-level enhancement. Movant fails to identify how any further objection or evidence on Davidson's part could have caused the court to sustain the objection, and therefore fails to establish that, had Davidson argued differently, there could have been a reasonable probability that the outcome would have been different.

Movant next contends that Davidson failed to object that (1) movant was unaware of the purity of the drugs she sold, and (2) movant should not have been held accountable for "1.5 kilos or

more" of the drugs. Mot. at 5. However, movant's contention is again refuted by the record, which indicates that Davidson did object to the drug quantities attributed to Rodriguez, and also questioned a witness regarding the quantity and purity. Sentencing Tr. at 4-9. The court overruled the objection despite Davidson's efforts. Id. at 9. Like movant's contention regarding the firearm enhancement, movant does not identify what Davidson could have done differently to create a reasonable probability of a more favorable outcome, and cannot establish prejudice.

Next, movant contends that Davidson failed to object to the leadership role enhancement added to her sentence, but provides no information or facts whatsoever to support this contention. Such a conclusory claim cannot establish ineffective assistance of counsel. Furthermore, it is clear from the record that movant managed and supervised at least one other individual in her drug trafficking business. See Factual Resume, at 2; Rearraignment Tr. at 14-15, 19-20 (movant admitting to facts stipulated in factual resume). An objection to the leadership role would have been frivolous, and the failure to make a frivolous objection does not constitute ineffective assistance of counsel. See Green v. Johnson, 160 F.3d 1029, 1037 (5th Cir. 1998).

Davidson's performance and strategy were clearly within the range of reasonable professional assistance.  Movant's claims of ineffective assistance of counsel all lack merit, cannot meet the burden imposed by Strickland, and, therefore, such claims must fail.

C.   Movant's Remaining Claims Are Not Cognizable

Movant's three remaining allegations, that she lacked knowledge of the drugs' purity, that she lacked guidance as a youth, and that she was sexually abused at a transfer facility, are not cognizable in a petition pursuant to 28 U.S.C. § 2255. While movant appealed certain aspects of her conviction and sentence, she did not raise the issue of drug purity on appeal, nor did she raise issues surrounding a potential downward departure due to her lack of guidance as a youth.  To raise an issue for the first time on collateral review, movant must satisfy the cause and prejudice standard in Shaid, 937 F.2d at 232, as explained above, and movant alleges nothing that could satisfy such standard.  Further, as the government points out, these claims refer to the court's application of the sentencing guidelines or its discretion to vary from the guidelines, and such claims are not cognizable in a habeas petition.  Resp. at 9-10; United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992)

("Nonconstitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a collateral proceeding."). See United States v. Faubion, 19 F.3d 226, 233 (5th Cir. 1994) (refusing to entertain issues that were not raised on direct appeal and explaining that a challenge to court's technical application of sentencing guidelines or discretion in departing from such guidelines is not cognizable in a section 2255 motion).

Movant's claim that she was sexually abused by a BOP doctor at the transfer facility also is not cognizable in a section 2255 motion. As the government notes, movant provides no support for her allegations of sexual abuse, and, if such abuse occurred, it appears that it took place after she had already been sentenced and was unrelated to her sentence. Therefore, it seems that the claim of sexual abuse at the transfer facility would be more properly brought as a civil rights action pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), rather than a motion pursuant to section 2255.

IV.

ORDER

Therefore,

The court ORDERS that the motion of Melody Marie Rodriguez to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED October 17, 2012.

_____
JOHN McBRYDE
United States District Judge